140 So. 772

## STERCHI BROS. v. STATE.

### 8 Div. 511.

Court of Appeals of Alabama.
March 29, 1932.

Arthur L. Shaw, of Tuscumbia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The state of Alabama, through its legal representative filed suit against the appellant for the sum of $128.72 claimed as for state and county license for peddling in Franklin county, Ala., during the year 1931. The complaint as amended consisted of four counts. The defendant demurred to the complaint, the principal ground thereof being that the defendant is a corporation, and that a corporation cannot peddle, and a corporation cannot be required to pay a peddler's license. The court overruled the demurrer to the complaint. The jury returned a verdict for the amount sued for in favor of the state and the court rendered a judgment in accordance with the verdict of the jury, and from which judgment of the court this appeal is prosecuted.

■ The evidence for the state tended to show: That Sterchi Bros., appellant, was peddling mattresses in Franklin county in four motor vehicles in May, 1931. That the mattresses were sold and delivered at the time of the sale. That, when a mattress was sold on a credit, the conditional sale contract was payable to appellant. That, when an old mattress was traded in for a new mattress, the old mattress was carried to appellant's place of business in Colbert county. That appellant collected the conditional sale contracts, and gave official receipts written on the regular form receipt book of Sterchi Bros. That the trucks or cars loaded with mattresses went from house to house and sold and delivered the mattresses. Some mattresses were sold for cash and some on credit, but all mattresses were delivered when the sale was made. That appellant had no place of business in Franklin county, Ala., but operated several furniture stores in certain counties in this and other states.

We are of the opinion that the evidence adduced upon the trial of this case was ample to sustain the insistence of the state as to the charge of peddling, and it was without dispute appellant had secured no license so to do.

■ The principal inquiry upon this trial was raised by the demurrer to the complaint, as above stated, to the effect that a corporation cannot be a peddler, and that the license tax provided by the revenue laws for peddlers applies only to individuals. This insistence is wholly untenable. Section 1 of said act is conclusive of the question. The act to provide for the general revenue of the state of Alabama is found on page 282 et seq. of the Gen. Acts 1919. Section 1, supra, contains a definition of terms, and, among other things, provides: "g. The term 'person' or 'party' or other word or words importing the singular number shall be held to include firms, companies, associations, and corporations," etc., and, if a corporation by and through its agents or employees engage in the practice of peddling, as contemplated and provided by the revenue act, supra, it must, in order to comply with the law, first obtain the license prescribed so to do.

In this case there were certain admissions and assurances upon the part of the accredited manager of appellant to the effect that, if the corporation were subject to the prescribed license, it would be paid, etc., but this is a matter of no consequence here. From what has been said the court properly over-

ruled appellant's demurrer to the complaint, and the judgment in favor of the state, as aforesaid, is correct, and rendered without error.

Affirmed.